**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4990

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

ERVIN RODDELL HUGHES,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (2:02-cr-00012-BO-1)

Argued: September 23, 2010                Decided: October 6, 2010

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** James Edward Todd, Jr., OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ervin Roddell Hughes appeals the twenty-four month sentence imposed on him for violation of his term of supervised release. Hughes argues that this sentence is plainly unreasonable. We affirm.

In 2003, Hughes pled guilty to possession of a firearm by a felon, and received a sentence of 92 months imprisonment to be followed by 36 months of supervised release. On June 30, 2009, Hughes completed his term of imprisonment. Two-and-a-half months later, on September 17, 2009, a probation officer petitioned the court for revocation of Hughes' term of supervised release. The probation officer explained that in violation of the terms of release Hughes had: (1) tested positive for marijuana on three occasions; (2) failed to report for random drug testing on two occasions; (3) engaged in criminal conduct, including reckless driving, resisting a public officer, and hit and run leaving the scene of property damage; and (4) failed to work regularly at a lawful occupation. The probation officer completed a worksheet that weighed the violations according to the Sentencing Commission's Policy Statements; this produced an advisory imprisonment range of 8-14 months.

At the revocation hearing, Hughes admitted violations (1), (2), and (4), and did not contest violation (3). Hughes'

3

attorney suggested that the police officer involved in that violation "summariz[e] the evidence" as to it. According to the uncontroverted statement of the officer, after he activated his blue lights and initiated a traffic stop of Hughes' car at 3:00 a.m. on August 29, 2009, Hughes accelerated away from and attempted to elude the officer, proceeding to swerve into a ditch. Hughes then jumped out of the car and ran into the woods. The police set up a perimeter and sent out a search team and the officer found Hughes hiding in a creek bed.

Hughes told the court that he panicked because he had been robbed earlier that night and feared being found in violation of his conditions of supervised release. After considering Hughes' explanation, the district court concluded that Hughes had violated his term of supervised release. The court then asked defense counsel if there was "anything [he] wanted to say." Defense counsel responded that Hughes had secured some part-time work, had paid off part of a ticket, and knew that he needed treatment for his drug problem. Neither Hughes nor his counsel requested a sentence within the guidelines range, sought a sentence that departed from the guidelines range, or even mentioned the guidelines or the § 3553 factors.

After the Government counsel reminded the court that Hughes' original offense also involved fleeing an abandoned vehicle, the district court sentenced Hughes to the statutory

4

maximum -- twenty-four months imprisonment.  The court explained that Hughes' violation involved a "highly dangerous situation" and created a "bad scene."  The record reflects no objection to that sentence or even comment on it from Hughes or his counsel.

"[R]evocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences."  United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

Moreover, although neither Hughes nor the Government addressed the issue in their briefs, the record mandates that in determining whether the challenged sentence in this case is "plainly unreasonable," we apply the rigorous plain error standard of review.  See United States v. Lynn, 592 F.3d 572, 577-80 (4th Cir. 2010).  Preservation of an objection to a sentence sufficient to evade plain error review requires a defendant to make an argument drawn from the § 3553 factors that "sufficiently alerts the district court of its responsibility to render an individualized explanation" of the sentence.  Id. at 578.  Neither Hughes nor his counsel made such an argument here. The district court expressly gave Hughes and his counsel an opportunity to speak prior to imposition of the sentence. Indeed, after discerning the facts of Hughes' violation, the court specifically asked defense counsel if there was "anything

you want to say."  In response, defense counsel did not request a guidelines (or lower) sentence or even mention the guidelines or § 3553.  Thus, Hughes did not preserve his present argument that the sentence imposed is plainly unreasonable.

Given the rigorous plain error standard of review, see United States v. Olano, 507 U.S. 725, 732 (1993) (setting forth plain error standard), we must affirm.  Hughes has failed to demonstrate that the district court plainly erred by imposing a plainly unreasonable revocation sentence.

AFFIRMED